THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE LUIS TORRES-PAGAN,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 19-1393 (ADC)**<br>**[Related to Crim. No. 95-29-42] (ADC)** |

## OPINION AND ORDER

Pending before the Court is petitioner José Luis Torres-Pagán's ("Petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the First Step Act of 2018 as well as writs of *audita querela* and *coram nobis* under 28 U.S.C. § 1651. **ECF Nos. 1, 2, 4.** The Government opposed, and Petitioner replied. **ECF Nos. 14, 18**. For the ensuing reasons, the Court **DENIES** Petitioner's motion.

### I. Procedural History

On November 24, 1998, a jury found Petitioner guilty of: (1) conspiracy to possess with intent to distribute narcotics, (2) conspiracy to intentionally kill three persons as part of the drug trafficking conspiracy, and (3) using and carrying a firearm during and in relation to the drug trafficking conspiracy. **Crim. No. 95-29, ECF Nos. 1676, 2488**. On August 11, 1999, former U.S. District Judge José A. Fusté sentenced Petitioner to 400 months' imprisonment as to the first two charges to be served concurrently with each other, and 120 months' imprisonment as to the third charge to be served consecutively to the term imposed for the other two charges. **Crim. No. 95-**

**29, ECF Nos. 2638; 2642**. Petitioner appealed and the First Circuit Court of Appeals affirmed. **Crim. No. 95-29, ECF Nos. 2643, 2892**.

On May 8, 2002, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **Civil No. 02-1697, ECF No. 1**. On September 30, 2003, the Court summarily dismissed the petition. **Civil No. 02-1697, ECF No. 2**. Petitioner appealed. **Civil No. 02-1697, ECF No. 4**. The First Circuit granted the request for certificate of appealability, vacated the judgment dismissing the section 2255 petition, and remanded for an evidentiary hearing as to Petitioner's ineffective assistance of counsel claim. **Civil No. 02-1697, ECF No. 14**. On June 10, 2005, the Court held an evidentiary hearing and denied Petitioner's section 2255 motion on the merits after finding that Petitioner failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). **Civil No. 02-1697, ECF Nos. 20, 22**.

On April 25, 2019, Petitioner filed this second motion to vacate, set aside, or correct sentence. **ECF No. 1**. He supplemented the motion on August 5, 2019, as well as on September 23, 2019. **ECF Nos. 2, 4**.

## II.     Discussion

Petitioner argues that his sentence is illegal according to section 404 of the First Step Act and, as such, the Court should correct his sentence pursuant to the catch-all category of 28 U.S.C. § 2255. **ECF No. 1 at 1**. He also asserts writs of *audita querela* and *coram nobis* under 28 U.S.C. § 1651 to advance the same argument. *Id.*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-427 (1962).

The All Writs Act (28 U.S.C. § 1651) "is a residual source of authority to issue writs that are not otherwise covered by statute." *United States v. Barrett*, 178 F.3d 34, 55 (1st Cir. 1999). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008).

Here, the Court finds that Petitioner's writs of *audita querela and coram nobis* fall under the scope of 28 U.S.C. § 2255(a) because Petitioner is claiming that his sentence was imposed in violation of the Constitution or laws of the United States. *See Trenkler*, 536 F.3d at 97 (holding that petitioner's arguments fell within section 2255 because he asserted that his sentence was unauthorized under the statutes of conviction). Specifically, Petitioner posits that his sentence is in violation of the First Step Act. Thus, section 2255 governs the petition, which means that it is subject to section 2255's gatekeeping provisions.

It is well settled that "[a] federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2015) (*citing* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Id.* at 25-26 (*citing* 28 U.S.C. § 2255(h)). The First Circuit interpreted this provision "as stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." *Id.* at 26 (*citing Trenkler*, 536 F.3d at 96). As a result, "[w]hen faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id.* "From the district court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." *Barrett*, 178 F.3d at 41.

Nothing in the record indicates that the First Circuit authorized Petitioner to file the current motion. *Compare* **Crim. No. 95-29, ECF Nos. 3807, 3808**. A review of the Court of Appeals' docket also reveals that Petitioner did not seek the First Circuit's authorization to file the section 2255 petition. As a result, the Court does not have jurisdiction over the petition. Therefore, the Court must deny the petition. *See Bucci*, 809 F.3d at 26.

In any case, the Court notes that the proper vehicle to request the sentence reduction under the First Step Act is vis-à-vis a motion under 18 U.S.C. § 3582(c)(1)(B). *See United States v.*

*Concepción*, 991 F.3d 279, 287, 290 (1st Cir. 2021) (holding that section 3582(c)(1)(B) governs proceedings under section 404 of the First Step Act); *Ortiz Báez v. United States*, 2020 WL 2968393, at *2 (D.P.R. June 3, 2020) (also available at **Crim. No. 95-29, ECF No. 3999**). No section 3582 motion has been filed in Petitioner's criminal case.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Therefore, the Court **DENIES** Petitioner's COA.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Section 2255 motion. **ECF Nos. 1, 2, and 4**. The Court also **DENIES** Petitioner's motion for appointment of counsel. **ECF No. 3**. Moreover, the Court **NOTES** Petitioner's motion requesting order regarding supplemental authorities, **ECF No. 20**, motion for status, **ECF No. 21**, second motion for status, and third motion for status, **ECF No. 24**. Petitioner has requested, at **ECF No. 23**, to have his claims construed as a request under 18 U.S.C. §3582. Said motion is to be filed under Criminal Case No.

95-29-42 (ADC) and will be ruled upon therein. The Clerk of Court shall enter judgment accordingly.

    **SO ORDERED**.

    At San Juan, Puerto Rico, on this 16th day of May, 2022.

                                            **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**